**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-4791**

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

      v.

JOSE RAMIREZ LOPEZ, a/k/a Jose Wilmer Valle-Vargas, a/k/a
Jose Wilmer Valles, a/k/a Jose Lopez, a/k/a Marvin
Ramirez-Valle,

                    Defendant - Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Charleston. Patrick Michael Duffy, Senior
District Judge. (2:15-cr-00455-PMD-1)

Submitted: May 31, 2016           Decided: July 1, 2016

Before GREGORY, DUNCAN, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Alicia Vachira Penn, Assistant Federal Public Defender,
Charleston, South Carolina, for Appellant. William Nettles,
United States Attorney, Dean H. Secor, Assistant United States
Attorney, Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jose Ramirez Lopez appeals the 24-month sentence imposed following his guilty plea to illegal reentry, in violation of 8 U.S.C. § 1326(a) (2012). On appeal, Ramirez Lopez challenges only the substantive reasonableness of the upward variance sentence imposed by the district court. For the reasons that follow, we affirm.

We review a sentence for reasonableness, applying "a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). Where, as here, the defendant alleges no significant procedural error, we consider the substantive reasonableness of the sentence to determine whether the court abused its discretion in determining that the 18 U.S.C. § 3553(a) (2012) factors supported the sentence it imposed. See United States v. Diosdado-Star, 630 F.3d 359, 366 (4th Cir. 2011). In reviewing a sentence outside the Guidelines range, we determine "whether the district court acted reasonably both with respect to its decision to impose such a sentence and with respect to the extent of the divergence from the [G]uideline[s] range." United States v. Perez-Pena, 453 F.3d 236, 241 (4th Cir. 2006).

Ramirez Lopez argues on appeal that the extent of the district court's variance was unwarranted under the circumstances presented, noting that he had no prior convictions

2

for violent crimes and contending that his convictions were adequately considered in his Guidelines calculation. He asserts that the district court ignored the need to avoid unwarranted sentencing disparities, and argues that the 24-month sentence was greater than necessary to deter him from returning to the United States. These arguments are insufficient to demonstrate that the court's upward variance was unreasonable. The district court expressly grounded its sentence in numerous § 3553(a) factors — including the need to protect the public, to deter future criminal conduct, to provide just punishment and to promote respect for the law, as well as Ramirez Lopez's history and the circumstances of the offense. The court based Ramirez Lopez's upward variance on his five illegal entries into the United States and multiple instances of criminal conduct while present in the country, including three convictions for intoxicated driving, and a conviction for possession of cocaine.

While Ramirez Lopez and his counsel advised the court that he was sincerely remorseful, had stopped drinking and resolved not to reoffend, Ramirez Lopez's alcohol abuse and pattern of blatant disrespect for the law amply supported the court's determination that he would continue his persistent recidivism. In short, Ramirez Lopez's arguments represent mere disagreement with the sentencing court's exercise of its discretion and are "insufficient to justify reversal of the district court." See

United States v. Howard, 773 F.3d 519, 531 (4th Cir. 2014) (internal quotation marks omitted).

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED